**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Gustavo Lourido-Vidal

        PETITIONER,

V.

Scott P. Fisher, Warden

        RESPONDENT.

FILE NO.  13-CV-600 (PJS/TNL)

**REPORT AND RECOMMENDATION**

Gustavo Lourido-Vidal, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* Plaintiff; and

Gregory G. Brooker, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55414, for Respondent.

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Habeas Pet., ECF No. 1-1.) Petitioner Gustavo Lourido-Vidal ("Petitioner") was an inmate confined at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). (Incident Report, ECF No. 1-2, at 1.) Petitioner served an 84-month sentence imposed by the United States District Court for the District of Puerto Rico following his conviction for Conspiracy to Possess with Intent to

1

Distribute Marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(b) and 846. (Resp't's Resp., ECF No. 3.) Petitioner was released from FCI-Sandstone on December 24, 2013. *See* Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc.

Petitioner brings the present action following the loss of Good Conduct Time ("GCT") as a result of a prison disciplinary action. (Habeas Pet., at 2.) Petitioner also asserts various alleged constitutional violations that occurred while at FCI-Sandstone. (*See id.* at 10-11.) Respondent opposes the Petition, asserting that there is sufficient evidence to support the loss of GCT and that Petitioner cannot pursue his constitutional claims via a habeas petition. (*See* Resp't's Resp. at 7, 14.)

This action has been referred to the undersigned magistrate judge for report and recommendation to the District Court under 28 U.S.C. § 636 and D. Minn. LR 72.2(b). For the reasons stated below, the Court will recommend that the Petition be denied and this action be dismissed with prejudice.

II. BACKGROUND

On September 1, 2011, an inspection team that included FCI-Sandstone Warden Scott Fisher conducted an inspection of Petitioner's unit at FCI-Sandstone. (Habeas Pet. at 4.) During that inspection, Fisher searched Petitioner's locker. (*Id.*) Inside the locker, Fisher discovered a bowl that contained two pieces of pork loin from Food Service. (Decl. of Bryce Thompson, ECF No. 4, ¶ 3.) Fisher handed the bowl to unit officer Bryce Thompson, who looked and agreed that it contained pork loins. (*Id.*) Petitioner claimed that the bowl contained pieces of Spam that he had

2

brought with him from a different correctional facility when he transferred to FCI Sandstone. (*Id.*) Thompson then wrote the incident report. (*Id.*)

After writing the incident report, Thompson disposed of the pork loin in the trash and put the bowl in the unit officer's station. (*Id.*) Thompson did not fill out a confiscation form, stating that he believed Petitioner would come and pick up the bowl later in the day. (*Id.*) Petitioner did not pick up the bowl that day, and Thompson was not sure what happened to it after that. (*Id.*)

Pork loins were served during the evening meal the previous day, August 31, 2011. (Groteboer Decl., Att. C, Food Calendar for the Week of August 28, 2011, ECF No. 5-1.) The removal of pork loins was not authorized by any member of the prison or food service staff. (*See id.*, Mem. of Tad Nordstrom.) Therefore, the pork loins constituted stolen property.

On September 2, 2011, Petitioner received incident report number 2205884 charging him with Possession of Stolen Property, a Code 226 violation. (*Id.* ¶ 4.) The investigating officer read the report to Petitioner and advised him of his rights. (*Id.* ¶ 6.) Petitioner acknowledged that he understood his rights and again stated that the meat in his bowl was Spam. (*Id.*)

Petitioner went through FCI-Sandstone's disciplinary and appeal processes. When he filed this habeas petition to the Court, both parties agreed that he had exhausted his administrative remedies.

**III. DISCUSSION**

In order for a federal court to decide a case, Article III of the Constitution requires that there must be an ongoing case or controversy. *See* U.S. Const. art. III, § 2, cl. 1. "When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). A court "must refrain from reaching the merits [if a case is moot] because any opinion issued would be merely advisory and rest on hypothetical underpinnings." *Missouri ex rel Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998).

"As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief—namely release from custody." *Woodard v. Fondren*, No. 08-CV-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec 12, 2008). "Once the petitioner is released from custody, however, his case becomes moot, unless he can show that a writ of habeas corpus would still provide him some benefit." *Id.* Even though Petitioner has been released from prison, a writ of habeas corpus may still benefit him by eliminating some of the "collateral consequences that are attached to convictions as a matter of law." *Spencer v. Karma*, 523 U.S. 1, 9 (1998). Such "collateral consequences" might include "restrictions on the right to vote, the right to own a gun, the right to serve on a jury, or the right to engage in certain types of businesses or professions." *Woodard*, 2008 WL 5214396, at *2.

Here, Petitioner is not challenging the validity of his conviction. Rather, he seeks only to have his disciplinary report expunged and his GCT restored. Because he has already been released from federal custody, however, "it would serve no useful purpose"

4

to consider the disciplinary reports or restore his GCT. *Id.* Because there are no meaningful "collateral consequences" associated with Petitioner's disciplinary report or GCT, reconsidering these issues now would afford him no meaningful remedy. Therefore, Petitioner's Petition is now moot because no live case or controversy remains for this court to resolve.

Petitioner also alleges in his Petition that his locker was arbitrarily searched; the Bureau of Prison ("BOP") staff failed to issue a confiscation form or compensate him for his missing bowl; the property officer failed to list Spam as his property during his July 2011 property inventory; and BOP staff interfered with his administrative remedies. Petitioner claims that these actions violated his constitutional rights. According to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a claim for a purported violation of a constitutional right cannot be properly brought in a habeas petition. These alleged violations must be addressed through a non-habeas action pursuant to *Bivens*. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Thus, these allegations are insufficient to support relief in a habeas petition.

[Continued on next page.]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's habeas petition be **DENIED AS MOOT.**

Date: April   23  , 2014                                                     *s/ Tony N. Leung*

                                                                            Tony N. Leung
                                                                            United States Magistrate Judge
                                                                            District of Minnesota

                                                                            *Lourido-Vidal v. Fisher*
                                                                            File No. 13-cv-600 (PJS/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 27, 2014.**